**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**


IN THE MATTER OF                       :

MACHOUSE OF PUERTO Rico, INC.,:        CASE NO. 01-01814(SEK)

      DEBTOR                           :        CHAPTER 7
-------------------------------
WILFREDO SEGARRA MIRANDA, as    :
Trustee for the Estate of
Machouse of P.R., Inc.,
      PLAINTIFF                        :        ADVERSARY NO. 07-0241


      v.                               :
AAA (CENTRAL REGION),AAA (METRO
REGION), AAA(HUMACAO), AND AAA:
(CAGUAS), et al.,
      DEFENDANTS                       :
-------------------------------

```
FILED & ENTERED

1 7 JUN 2008

         CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO
```

**OPINION AND ORDER**

At issue is a motion to dismiss based on FRCP 12 (b)(5) & 4(m), claiming Plaintiff effectuated service 156 days after filing the complaint on co defendants, AAA (Central Region) AAA Metro Region), AAA (Humacao), and AAA (Caguas),("co defendants"). Plaintiff disagrees, arguing service was timely, the 120 limit was tolled by the new summons issued on December 4, 2007 that were served by certified mail on December 13, 2007, pursuant to our order authorizing the Trustee's unopposed request.  We deny the motion to dismiss for reasons that follow.

**FACTUAL BACKGROUND**

Case records show Trustee attempted to collect a series of accounts receivables informally, by addressing collection letters

to the Estate's creditors, including the named co defendants. When the letters were unanswered, the Trustee filed this complaint against sixteen individuals and entities, including the co defendants on July 7, 2007.  On even date, the Clerk issued the Summons addressed to the "above named defendants", which here meant AAA (Central Region), AAA (Metro Region), AAA (Humacao) and AAA (Caguas).  On October 5, 2007, Plaintiff asked for enlargement of 30 days, as he needed this time "to verify and confirm all defendant's [sic] addresses and execute Summons."  On October 12, 2007, the Trustee filed evidence of having served these summons on co defendants.  Fifteen days later, co defendants filed their first motion to quash. Citing FRBP 7004, co defendants stated that delivery of the summons was not effectuated within 10 days from its issuance.  They also claimed improper service, as the summons was not addressed to PRASA's executive officer.  On November 7th, the Trustee reacted by seeking an enlargement and issuance of new summons. This motion was electronically notified to co defendants' counsel on that same date.  It was not opposed, and we granted the request by footnote order entered on November 29th.  New Summons were then issued on December 4, 2007 addressed to Mr. José F. Ortíz, the General Director of the Puerto Rico Aqueduct Authority (PRASA also known as AAA).  These were served with a copy of the complaint by certified mail on December 13, 2007.



## DISCUSSION

FRCP 4(m) and its predecessor rule 4(j) were added for "the evident purpose ... to compel parties and their counsel to be diligent in prosecuting causes of action". (cit. omitted) USA v. Ayer, et al., 857 F. 2d 881, 8849 1st Cir. 1988). Most courts evaluate a request for extending the initial 120 period to effectuate service by reviewing whether the plaintiff establishes good cause for the failure. However, "if ... good cause does not exist, the court may, at its discretion, ... direct that service be effectuated within a specified time." 1-4 Moore's Federal Practice-Civil § 4.83.

The case record shows we exercised this discretion by granting the Trustee's unopposed motion for issuance of new summons and a thirty day enlargement to effectuate service. There is no evidence that our order discouraged diligent prosecution of the complaint, nor that it unduly prejudiced these co defendants.

WHEREFORE, the motion to dismiss is denied and co defendants shall answer the complaint within thirty days, or the remedy requested by the Trustee against these co defendants in the complaint may be granted by default.

So Ordered, in San Juan, Puerto Rico on June 17, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge